
the court could not have based an apportionment solely on the dates of the bills.

As in *Pizani*, Louise V simply stated its claim, and the court granted the amounts requested without any evidence to support the apportionment. The district court's findings of fact and conclusions of law, which were drawn by the prevailing party, do not acknowledge that the settlements included amounts for both helicopter and shipboard accidents, nor does the court acknowledge the existence of the apportionment question.

Given Louise V's complete failure to prove the proportion of the settlements attributable to the helicopter accidents, the district court erred in denying MDHC's motion to dismiss under Rule 41. Because we reverse on this ground, we do not reach MDHC's other arguments.

REVERSED, the district court shall enter judgment in favor of the third-party defendants-appellants.

Steve Frank, Asst. U.S. Atty., Washington, D.C., for appellee.

Before D.W. NELSON, HALL and FERNANDEZ, Circuit Judges.

### ORDER

We affirm the decision of the Bankruptcy Appellate Panel[1] because in January of 1985 when the agreement regarding interest was made, Richard Smiley, the Farmers Home Administration State Director for Arizona, lacked authority to enter into the agreement. We do not reach the other issues discussed in the Bankruptcy Appellate Panel's decision.

AFFIRMED.

---

**In re GROWERS–RANCHERS, LTD., Debtor,**

**The EMPIRE PARTNERSHIP, Appellant,**

v.

**UNITED STATES of America, FARMERS HOME ADMINISTRATION, Appellee.**

**No. 90–15780.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 22, 1991.

Decided Oct. 8, 1991.

Michael D. Guinan, Bryan, Cave, McPheeters & McRoberts, Phoenix, Ariz., for appellant.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Stephen G. KOONCE, Defendant–Appellant.**

**No. 90–4081.**

United States Court of Appeals, Tenth Circuit.

Sept. 23, 1991.

1. *In re Growers–Ranchers Ltd.,* 110 B.R. 915     (B.A.P.9th Cir.1990).